UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INSIGHT CAPITAL CONSULTANTS
CORPORATION,

    Plaintiff,

v.                                           CASE NO.: 8:13-cv-2166-T-23EAJ

SUNSHINE BIOPHARMA, INC., et al.,

    Defendants.
_____/

**ORDER**

The plaintiff sues the defendants[1] and alleges breach of contract, unjust enrichment, violations of Sections 5(a) and 5(b) of the Securities Act, violations of Section 10(b) of the Exchange Act, and fraudulent and negligent misrepresentation. The defendants move (Doc. 32) to dismiss for lack of personal jurisdiction and for failure to state a claim.[2] The plaintiff responds. (Doc. 43)

---

[1] The defendants Industry Concept Holdings and Edwards Investments defaulted. (Docs. 28 and 29)

[2] The defendants argue "that a claim for unjust enrichment can be alleged only when no express contract exists." (Doc. 32 at 15) "Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013) (internal quotation omitted). Although Florida law permits a plaintiff to claim damages under these theories of recovery in the alternative, the complaint fails to do so. *Martorella*, 931 F. Supp. 2d at 1228. In addition, by failing to address the defendants' argument, Insight concedes that Insight's statutory claims under the Securities Act and the Exchange Act are time-barred. Accordingly, the defendants' motion (Doc. 32) is **GRANTED**, and Counts II, III, and IV are **DISMISSED WITHOUT PREJUDICE**.

**Background**

In February 2010, Insight, formerly a Florida corporation, and Sunshine, a Colorado corporation, began negotiating a contract. On February 23, 2010, after lengthy discussions among Insight; Steven Slilaty, Sunshine's CEO; and Craig Edelmann, a Sunshine agent, Insight and Sunshine entered a thirty-day consulting agreement by which Sunshine agreed to pay Insight 450,000 shares of Sunshine in exchange for Insight's consulting in "financial and investor public relations." Although Sunshine did not return a signed copy of the consulting agreement, Sunshine sent Insight 400,000 Sunshine shares.

On March 23, 2010, Edelmann informed Insight's president, Brock Malky, that Edelmann wanted to raise money for Slilaty. Edelmann requested that Insight return the Sunshine shares in exchange for Industry Concept Holdings (INHL) shares.[3] Relying on statements by Edelmann and Slilaty to Insight's agents in Florida, Insight returned the Sunshine shares. On December 14, 2010, Edelmann delivered to Insight 200,000 shares of INHL.[4] Edelmann represented to Insight that a capital investment and public relations campaign was underway. All the while, Insight anticipated the imminent realization of the value of the contract with Sunshine. Edelmann remained in regular contact with Insight, assuring Insight that

---

[3] Although INHL appears intimately insinuated into the fraud alleged in Count V, Insight's complaint offers only sparse detail about INHL.

[4] Sunshine's trading increased after Insight's return of Sunshine shares, and the stock price rose as high as $1.45 per share during the alleged fraud. Because Sunshine did not deliver documents of conveyance, the INHL shares "were not alienable on the open market and could not be deposited at brokerage firms." (Doc. 1 at 5)

"everything was progressing nicely." (Doc. 1 at 5) Edelmann later informed Insight that INHL's former CEO had squandered INHL's inventory and purchase orders. But Edelmann assured Insight that he "expected a return that would make everyone whole with cash." (Doc. 1 at 5) Insight discovered that the promised investment and public relations campaign never occurred and that the INHL shares were valueless. Insight demanded a return of the Sunshine shares; the demand was to no avail.

## Discussion

Personal jurisdiction over a non-resident defendant requires satisfaction of Florida's long-arm statute. *See Progressive Growth v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005). In addition, due process "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend the traditional notions of fair play and justice." *Progressive*, 421 F.3d at 1166 (internal quotation marks omitted).

Sunshine argues that Florida lacks personal jurisdiction over Sunshine because Sunshine breached no contract in Florida. Specifically Sunshine argues that Sunshine was not contractually required to send shares to Florida and that the contract was silent as to the place of performance. However, "Florida courts have consistently held that where the contract is silent as to place of payment, it is presumed to be the place of residence of the payee." *Global Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 468 (Fla. 4th DCA 2003). At times relevant to the

complaint, Insight's principal place of business was Florida. Sunshine knew that Insight was a Florida corporation, knew that payment was due in Florida, and knew that notice of payment was due in Florida.

Although Sunshine did not sign the written consulting agreement, both parties proceeded as though a valid express contract existed. "In the absence of a signature, the courts look to a party's words and conduct to determine whether the party assented to the agreement." *Fi-Evergreen Woods, LLC v. Robinson*, 135 So. 3d 331, 336 (Fla. 5th DCA 2013). Insight negotiated a contract with Sunshine and performed services for Sunshine in accord with the written consulting agreement. Sunshine's transfer of 400,000 shares to Insight's Florida office implements the consulting agreement and evidences Sunshine's understanding and affirmation that a contract exists. Sunshine's breach of contract in Florida satisfies Section 48.193(1)(a)(7).

Also, Insight's tort claims against the defendants satisfy Section 48.193(1)(a)(2) of the long-arm statute.[5] The defendants directed allegedly false statements to Insight to induce Insight's transferring 400,000 valuable shares in Sunshine for 200,000 valueless shares in INHL. Although neither Edelmann nor Slilaty traveled to Florida to mislead or falsify, physical entry into the forum state is not required. "Commission of a tort for the purpose of establishing long-arm jurisdiction does not require physical entry into the state, rather 'telephone,

---

[5] Slilaty, Sunshine's CEO, argues that he is not individually liable for a corporate wrong. But *First Fin. USA, Inc. v. Steinger*, 760 So. 2d 996, 997-98 (Fla. 4th DCA 2000), holds that "individual officers and agents of a corporation may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate officers."

electronic, or written communications into Florida' may form the basis for personal jurisdiction under [section 48.193(1)(a)(2)] if the alleged cause of action arises from the communications." *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002).

Personal jurisdiction over the defendants comports with due process because the defendants' minimum contacts with Florida offer fair warning of litigation within the forum state. "This 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008) (citations omitted). As noted above, the defendants contracted with Insight in Florida, paid Insight in Florida, and communicated (including allegedly false statements) to Insight in Florida. These actions – in sum – fairly apprise Sunshine of the prospect of litigation in Florida if Sunshine commits a wrong in Florida.

Finally, jurisdiction comports with notions of "fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Aimed at a Florida corporation, the defendants' misconduct permits Insight a fair opportunity to litigate a claim in Florida. "Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardello*, 544 F.3d at 1288.

The defendants also argue that Insight fails to state a claim under Count I (breach of contract) and Count V (fraud and negligent misrepresentation). The

defendants argue that Insight failed to allege a binding contract and that Insight failed to plead fraud with the requisite particularity required by Rule 9(b), Federal Rules of Civil Procedure.

Insight alleges sufficient facts to evidence the existence of a valid and enforceable agreement. Although the defendants did not sign a copy of the consulting agreement, Insight performed services in accord with the consulting agreement, and in response the defendants transferred Sunshine shares to Insight as payment for Insight's services. *See Gateway Cable T.V., Inc. v. Vikoa Constr. Corp.*, 253 So. 2d 461, 463 (Fla. 1st DCA 1971) ("A contract may be binding on a party despite the absence of a party's signature. The object of a signature is to show mutuality or assent, but these facts may be shown in other ways, for example, by the acts or conduct of the parties.").

"The particularity requirement of Rule 9(b) is satisfied if the complaint alleges 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012) (citations omitted). Insight alleges that Edelmann and Slilaty contacted and directed false statements to Insight on March 23, 2010, to induce Insight to transfer the Sunshine shares; that Edelmann continued to direct misleading statements to Insight after March 23, 2010; and that Edelmann and Slilaty knew that

the statements were false.  Insight's allegations are sufficient to survive a motion under Rule 12(b)(6), Federal Rules of Civil Procedure.

Finally, Sunshine seeks the dismissal of Count V (fraud and negligent misrepresentation) because Insight's complaint fails to satisfy Rule 10(b), which states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense."  Insight offers no response and therefore concedes that the separation of the claims will "promote clarity."  To this extent, Count V is **DISMISSED WITHOUT PREJUDICE**.

### Conclusion

Sunshine's motion (Doc. 32) to dismiss as to Count I and Count V is **DENIED**.  No later than **JULY 14, 2014**, the plaintiff may amend the complaint (1) to plead either fraud or negligent misrepresentation or (2) to plead separately each of the two distinct claims now aggregated in Count V.

**ORDERED** in Tampa, Florida, on June 30, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE